UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CODY LEE MULLINS,     Plaintiff,

v.     Civil Action No. 3:16-cv-P471-DJH

JAILER DANNY ALLEN *et al.*,     Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

This is a civil rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff Cody Lee Mullins leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### **I. SUMMARY OF COMPLAINT**

Plaintiff brings this action against Defendants Hardin County Detention Center (HCDC) Jailer Danny Allen and HCDC Deputy "L. Elmore" in both their official and individual capacities.

In his complaint, Plaintiff alleges that Defendant Elmore sexually harassed him while he was incarcerated at HCDC. According to Plaintiff, he said to Defendant Elmore "Hey, what's up?" and Defendant Elmore responded by stating: "Hard d***s and helicopters. Which one are you riding?" Plaintiff alleges that he filed a grievance regarding this incident. In the grievance, Plaintiff allegedly reported that he feared for his personal safety and requested to be "removed from any encounter with [Defendant] Elmore." Plaintiff also states that he left a message regarding Defendant Elmore's statements to him "on the P.R.E.A. hotline." Plaintiff asserts that

more than 48 hours have passed without anyone responding to his grievance or his request for help.  He further alleges that he has received no assistance from the "higher ranked deputys" whom he has asked for help.  He then writes: "I believe that this is completely unacceptable and negligent on the Jailer's part for allowing such treatment of inmates to go on this long after being <u>formally</u> reported."  (Emphasis by Plaintiff).

As relief, Plaintiff seeks compensatory damages.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions.  *See Columbia*

*Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

As stated above, Plaintiff sued both Defendants in their official capacities. "Official-capacity suits . . . 'generally represent another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims are actually against Hardin County. *See Lambert v. Hartman*, 517 F.3d 433, 440

(6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138, 108 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

Here, the Court finds that Plaintiff has not stated an official-capacity claim because he has not claimed that any alleged injury was the result of a custom or policy of Hardin County. As such, the Court holds that the complaint fails to establish a basis of liability against Hardin County and will dismiss the official-capacity claims against both Defendants.

4

### B. Individual-Capacity Claims

### 1. Defendant Officer Elmore

Plaintiff alleges Defendant Elmore made a sexually inappropriate comment to him. Offensive verbal comments and jaunts qualify as verbal abuse, but in the context of prison and jail life, verbal abuse and harassment do not support an Eighth Amendment claim. *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th. Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."). *See also Johnson v. Ward*, No. 99-1596, 2000 U.S. App. LEXIS 11463, at *1 (6th. Cir. May 11, 2000) ("Johnson's allegation that Ward made an offensive sexual remark to him does not rise to the level of a constitutional violation [as such is merely verbal abuse]"); *Jones v. Fayette Cty. Det. Ctr.*, No. 5:15-312-JMH, 2015 U.S. Dist. LEXIS 152233, at *5 (E.D.Ky. Nov. 10, 2015) (holding that because the inmate plaintiff's claim amounted "to no more than a single incident of verbal harassment," he had failed to state a claim for a violation of his constitutional rights).

Thus, because Plaintiff's claim against Defendant Elmore likewise amounts to no more than a single incident of verbal harassment, the Court finds that he too has failed to state a constitutional claim, and that his individual-capacity claim against Defendant Elmore should be dismissed.

### 2. Defendant Jailer Allen

It appears that Plaintiff seeks to hold Defendant Allen liable because no jail official responded to his grievance or took action after he reported that Defendant Elmore had allegedly made a sexually inappropriate commentv to him. Thus, Plaintiff is essentially seeking to hold Defendant Allen liable for his role as the supervisor at HCDC. However, "[a] plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676. This is because the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell,* 436 U.S. at 691 (1978); *Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Additionally, "simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Thus, to the extent that Plaintiff seeks to hold Defendant Allen liable in his individual capacity under § 1983 based upon his role as the supervisor at HCDC, Plaintiff's claim fails and must be dismissed.

In addition, to the extent that Plaintiff seeks to bring a state-law claim of negligence against Defendant Allen, the Court declines to exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, Plaintiff's state-law claim will be dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's action will be dismissed by separate Order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: November 17, 2016

**David J. Hale, Judge
United States District Court**

cc: Plaintiff, *pro se*
  Defendants
  Hardin County Attorney
4415.011